
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM WALLACE CAMPBELL,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 10-36087

D.C. No. 2:10-cv-00851-MJP

MEMORANDUM*

Appeal from the United States District Court,
Western District of Washington
Hon. Marsha J. Pechman, Chief District Judge

Argued and Submitted December 2, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.**

William Campbell appeals the district court's grant of summary judgment in

favor of the United States on his claims of vicarious liability and negligent supervision

arising under the Federal Tort Claims Act ("FTCA") for damages he suffered from

alleged sexual misconduct by an employee of the Department of Veteran Affairs

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Puget Sound Health Care System ("the VA"), Dr. Lori Phelps. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review a district court's refusal to permit further discovery before ruling on a summary judgment motion for abuse of discretion. Michelman v. Lincoln Nat. Life Ins. Co., 685 F.3d 887, 892 (9th Cir. 2012). A district court abuses its discretion only if the party requesting a continuance can show that allowing additional discovery would have precluded summary judgment. Id.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may. . . allow time to obtain affidavits. . . or to take discovery." Fed. R. Civ. P. 56(d). The district court made no ruling on whether or not Campbell was entitled to additional discovery because he failed sufficiently to request or move for further discovery. Campbell's appellate counsel now argues that the court should have construed what he terms "Campbell's repeated requests for more discovery" as such a motion. "[R]eferences in memoranda and declarations to a need for discovery do not qualify as motions under [Rule 56(d)]." Brae Transp., Inc v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Campbell did not put the district court on notice that he was requesting more discovery. In addition, Campbell made no showing that additional discovery would

2

have precluded summary judgment and, indeed, his counsel makes no such argument in the instant appeal.

Campbell also contends that the district court improperly granted the government's motion on its merits. We review a district court's grant of summary judgment de novo. Shelley v. Geren, 666 F.3d 599, 604 (9th Cir. 2012). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Oswalt v. Resolute Indus., Inc., 642 F.3d 856, 859 (9th Cir. 2011). Here, Washington law governs the determination of liability, and we review the application of such state law de novo. 28 U.S.C. § 1346(b); Simmons v. United States, 805 F.2d 1363, 1368 (9th Cir. 1986).

In Washington, once an underlying tort is established, the employer will be held vicariously liable if the employee was acting within the scope of his employment. Robel v. Roundup Corp., 59 P.3d 611, 620 (Wash. 2002). The test for determining whether an employee has acted within the scope of her employment is "whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct." Robel, 59 P.3d at 620, and has also been stated as "whether he was engaged at the time in the furtherance of the employer's interest." Dickinson v. Edwards, 716 P.2d 814, 819 (Wash. 1986) (quoting Elderr v. Cisco Constr. Co., 324

P.2d 1082, 1085 (Wash. 1958)).

The Washington Supreme Court has found that "where an employee's acts are directed toward personal sexual gratification, the employee's conduct fall outside the scope of his or her employment." Robel, 59 F.3d at 621. The district court correctly determined that Phelps' acts fell outside the scope of her employment, and, therefore, that the government is not vicariously liable.

Simmons, 805 F.2d 1363, is distinguishable from the instant case based on its facts. The district court here correctly reasoned that Phelps' alleged acts took place outside the scope of her employment because she saw Campbell as a patient for only seventeen days and their sexual relationship did not take place until well after that time. Therefore, the relationship at bar is unlike the one in Simmons where the evidence showed that the therapist engaged in sexual acts with his patient during therapy sessions which lasted for five years. Simmons, 805 F.2d at 1370-71.

In addition, Campbell's argument that the grant of summary judgment should be reversed because the government adduced no evidence to show that Phelps' acts emanated from a wholly personal motive is unavailing. Campbell's assertion that Phelps' actions could have been "triggered by some misguided attempt at therapy" is completely speculative.

Campbell also contends that the district court erred in granting summary

judgment to the government on the negligent supervision claim. In Washington, "[t]he theory of negligent supervision creates a limited duty to control an employee for the protection of third parties, even where the employee is acting outside the scope of employment." Niece v. Elmview Group Home, 929 P.2d 420, 427 (1997) (en banc). "An employer is not liable for negligently supervising an employee whose conduct was outside the scope of the employment unless the employer knew, or in the exercise of reasonable care, should have known the employee presented a risk of danger to others." Thompson v. Everett Clinic, 860 P.2d 1054, 1058 (Wash. Ct. App. 1993).

Viewing the evidence in the light most favorable to Campbell, the district court correctly found that no triable issue of fact existed as to whether the government knew or should have known that Phelps presented a risk of danger to Campbell. The evidence shows that Phelps' direct supervisor did not know anything about the sexual relationship and appropriately responded to the only information he received from Phelps about the relationship, which is that she exchanged an email with him after his discharge and that she was attracted to him. The district court also correctly concluded that the supervisor's absence for ten of the seventeen days of Campbell's hospitalization was not a ground for negligent supervision because it is undisputed that the sexual relationship did not begin until over a year after this period. Campbell also fails to raise a triable issue of fact that Dr. VanGoda should have known about

5

the relationship and could be liable under a negligent supervision theory.

The district court thus correctly granted summary judgment to the government.

**AFFIRMED**.